### Wabash Railroad Company v. Philip Warren.

1. CONTRIBUTORY NEGLIGENCE—*when, improperly defined in instruction in action to recover for horses killed by railroad company.* An instruction is erroneous which in effect tells the jury that they could not find the plaintiff guilty of contributory negligence because his fence

was bad, unless the evidence further showed that the "natural and probable result of allowing his fence to be in bad condition would be that his horses would get upon the track of defendant" and be there killed.

2. FENCE—*what may excuse railroad company from obligation to.* The question as to whether the existence of a switch at the place in question, which was used by the public for loading and unloading merchandise from cars, excuses the railroad company from the obligation to fence, imposed by statute, is one which should be submitted to the jury for determination.

3. RECOVERY—*upon what theory, must be based.* A recovery must be predicated upon the theory set forth in the declaration, and a modification of an instruction which permits the jury to consider other charges of negligence than those contained in the declaration, is erroneous.

Action on the case to recover value of horses killed. Appeal from the County Court of Sangamon County; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed March 16, 1904.

C. N. TRAVOUS, for appellant; MCANULTY & ALLEN, of counsel.

HENRY L. CHILD, for appellee; BLUFORD WILSON and PHILIP BARTON WARREN, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This suit was brought to recover the value of two horses killed by one of appellant's trains, near Lanesville, Sangamon county, Illinois. Upon the trial the jury returned a verdict for the plaintiff and assessed his damages at $200. Judgment was rendered upon the verdict, from which the defendant appeals.

At the close of the evidence a motion to instruct a verdict for the defendant was overruled by the court.

The first count of the declaration charges a failure to erect and maintain fences on the sides of the railroad at a point not at a crossing of any public highway, etc., where and in consequence of which the horses were killed. The second count charges a failure to construct and maintain cattle-guards to prevent horses getting upon the railroad

at a highway crossing just east of the depot in Lanesville, in consequence of which plaintiff's horses strayed and went upon the railroad over said crossing, and entered beyond the same and were killed.

The evidence showed the following state of facts: Appellant's railroad runs east and west through Lanesville, and a short distance east of the depot is a highway crossing. The highway as traveled approached the crossing from the northwest in a southwesterly direction, and at a point near the north line of the right of way, turns directly south, crossing the railroad at right angles. Appellee's farm is a short distance north of the railroad and bounded on the east by this highway. Part of his land adjoining the highway was used as a pasture, in which the horses in question were kept. There was evidence tending to show that the fence separating the pasture from the highway had been suffered to run down until it was insufficient to turn horses. There was no fence or cattle-guards east of the crossing, but there was a switch there used by the public for loading and unloading freight. The horses in question were killed between one and two o'clock in the morning at a time when it was raining and dark and while appellant's train was running at the rate of about fifty miles an hour. The evidence upon the question as to whether the horses were killed upon the public highway or upon appellant's right of way, and whether or not they escaped from the pasture by reason of appellee's defective fence which separated the highway from the pasture, was exceedingly close.

Appellee's first instruction in effect told the jury that they could not find him guilty of contributory negligence because his fence was bad, unless the evidence further showed that the "natural and probable result of allowing his fence to be in bad condition would be that his horses would get upon the track of defendant" and be there killed. It was not necessary that he should know what the natural and proximate result of his permitting his fence to be in bad condition would be, before his negligence could be such as to bar a recovery. To constitute a defense it

was only necessary to show that the bad condition of the fence was the proximate cause of the accident.

Appellee's second instruction makes appellant liable, although the horses were killed upon the highway, notwithstanding the law and allegations of the declaration to the contrary. It is also erroneous in that it ignores the question of whether the existence of the switch at the place in question, which was used by the public for loading and unloading merchandise from cars, did not excuse appellant from the obligation of fencing as required by the statute. T., St. L. & K. C. R. R. Co. v. Thompson, 48 Ill. App. 36.

Appellant's third instruction as offered, advised the jury that if the horses came upon the track where it crossed a highway and were struck upon such highway crossing, appellee could not recover. The court modified this instruction by inserting after the word "highway" the words "without the negligence of defendant."

Instruction number 6, as requested, told the jury that if the evidence showed the killing of the horses was not due to the absence of fences or cattle-guards, as charged in the declaration, they should find for the defendant. The court modified this instruction by inserting after the word "guards," the words, "or other negligence of defendant."

Instruction number 9, as offered, told the jury that a road used by the public as a highway for fifteen years is a public highway, and that if plaintiff's horses were struck upon such highway at a point where it crosses defendant's right of way, their verdict should be for the defendant. This instruction the court modified by inserting after the word "struck," the words "without the defendant's negligence."

Instruction number 10, as offered, advised the jury that a public road was one open to the use of all persons, and that if they believed plaintiff's horses were struck upon defendant's right of way where it crosses a public road, their verdict should be for the defendant. The court modified this instruction by inserting after the word "road," the words, "without defendant's negligence."

Instruction number 11, as requested, advised the jury as

to what would constitute the crossing in question a public highway, and that if the evidence showed that plaintiff's horses were on such highway where it crosses defendant's right of way, he could not recover. This instruction was modified by inserting the words " without the defendant's negligence" after the word "struck."

The foregoing instructions, as modified, tended to authorize the jury to disregard and depart from the charge of negligence contained in the declaration, and upon discovering any facts which they might consider as constituting negligence, to return a verdict against appellant predicated thereon. They were at liberty to consider as negligence the speed of fifty miles an hour, at which the train was running, or the failure of appellant's employees to see the horses on the crossing in time to stop, or any other act or omission which might occur to them, and accordingly find against appellant, notwithstanding the only negligence charged in the declaration was the failure to maintain fences and cattle guards.

For the purpose of showing that the horses were not struck on the highway, appellee was permitted, over appellant's objection, to introduce in evidence a plat of the highway as originally laid out and also the township records, showing the establishment of the road and its description, according to the original survey, from which it appeared that the highway as traveled across appellant's right of way at the time of this accident, was a little east of the line as originally laid out. Inasmuch as it appears from the undisputed evidence that the highway as traveled had been used as such by the public for over sixteen years, during which time it had been kept in repair by the public authorities, the location of the highway as originally laid out and which had long since been abandoned, was clearly immaterial. The evidence with reference thereto should therefore have been excluded as tending to mislead the jury.

For the errors indicated in the giving and modification of instructions, the judgment will be reversed and the cause remanded.          *Reversed and remanded.*