(No. 41089.— )

Isaac Huey, Admr., Appellant, *vs.* The Town of Cicero *et al.*, Appellees.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

John O'C. Fitzgerald, of Chicago, for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago, (John R. Caffrey and James T. Ferrini, of counsel,) for appellees.

Mr. Justice Kluczynski delivered the opinion of the court:

Plaintiff, Isaac Huey, as administrator of the estate of his deceased minor son, Jerome, instituted a wrongful-death action in the circuit court of Cook County against the Town of Cicero, its board of trustees, and certain named individual officials of the town. Pursuant to defendants' motion and over written objections by plaintiff, the

trial court dismissed the suit as to all defendants. Plaintiff appealed and the cause is before this court because it is alleged that questions arising under the State and Federal constitutions are presented.

The instant action arose from the fatal felonious beating of Jerome Huey, a Negro, by four white youths armed with baseball bats. The attack occurred at about 10:00 P.M. on May 25, 1966, near the intersection of 25th Place and Laramie Avenue in Cicero, Illinois, while decedent was en route to an employment office. The complaint recited these facts and alleged that the defendants knew or would have known by the exercise of ordinary care that a large number of Negroes entered and departed the confines of Cicero daily in pursuit of employment at various factories and that "the presence of a * * * Negro * * * on the public streets and ways of Cicero * * * on or about May 25, 1966, constituted a peril and hazard to the personal safety [of such person]." It charged that "The defendants, however, or one or more of them so wantonly and wilfully neglected to use ordinary care for the protection and safety due to dark-skinned persons and to plaintiff's intestate on May 25, 1966, that as a direct and proximate result, JEROME HUEY, was assaulted and severe injuries were inflicted * * * from which he died on May 29th, 1966." It further charged that "Notwithstanding that the defendants, or one or more of them, were under a duty to warn, advise, or otherwise give notice to dark-skinned persons and plaintiff's intestate of the unusual and extraordinary hazards and perils to such persons as existed on May 25th, 1966 in the TOWN OF CICERO, the defendants or one or more of them, wilfully and wantonly failed to exercise ordinary care to so advise, warn or otherwise give notice to JEROME HUEY."

The defendant's amended motion to dismiss alleged that the plaintiff's suit was barred by the statutory immunity granted public entities by section 4—102 of the Local Gov-

ernmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, chap. 85, par. 4—102) and by his failure to give notice within six months as prescribed by section 8—102 of the Act and that, in any event, the complaint failed to state a cause of action as the "Defendants, and each of them, did not breach any known duty and in fact owed no duty to Plaintiff's intestate or to others of the kind and nature alleged * * *." The trial court dismissed the suit without a written opinion.

On appeal, plaintiff contends that the statute granting immunity to local governmental units violates the due process and equal protection clauses of the State and Federal constitutions. He also argues that his complaint states a cause of action and that the notice requirements in question do not apply to him as the legal representative of a minor. In the view we take of the case, it is not necessary for us to pass on the questions of constitutionality and proper notice since, in our judgment, the complaint does not state a claim upon which relief can be based.

Independent of statutory or common-law concepts of sovereign immunity, the general rule is that a municipality or its employees is not liable for failure to supply general police or fire protection. (*Vossler* v. *DeSmet,* 204 Ill. App. 292, 295; *Adamczyk* v. *Zambelli,* 25 Ill. App. 2d 121, 128. See also *Motyka* v. *City of Amsterdam,* 15 N.Y.2d 134, 204 N.E. 2d 635.) This rule has been maintained in the face of decisions holding municipalities liable for affirmative negligent or wilful acts by their employees. (*Molitor* v. *Kaneland Community Unit District,* 18 Ill.2d 11; *Andrews* v. *City of Chicago,* 37 Ill.2d 309.) Exceptions to the rule have been found only in instances where the municipality was under a special duty to a particular individual, such as protecting a material witness from threatened injury by third parties. (*Schuster* v. *City of New York,* 5 N.Y.2d 75, 154 N.E. 2d 534; *Gardner* v. *Village of Chicago Ridge,* 71 Ill. App. 2d 373.) It is clear that this complaint does

not set forth a basis for such deviation from the general rule. It merely alleges that the defendants knew of the presence of Negroes in Cicero and the possibility of racial disorder and concludes that the defendants were bound to notify Negroes of this condition or afford them police protection. It is not alleged that defendants knew of the presence of decedent in the town, that he had requested police protection, or that he was in some peculiar danger. Indeed, the complaint does not allege any specific acts or omissions by defendants or any causal connection between such conduct or lack of conduct and the fatal injury of plaintiff's intestate. Absent such factual allegations, the complaint cannot survive a motion to dismiss. Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*