JACK D. ADAMS *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF PEORIA, Defendant-Appellee.

Third District   No. 78-491

Opinion filed October 22, 1979.

Elmo E. Koos, of Peoria, for appellants.

Brian M. Nemenoff, of Peoria, for appellee.

684

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Peoria County dismissing with prejudice the complaint of plaintiffs, Jack and Mary Lou Adams, against defendant, City of Peoria. The only issue raised on appeal concerns the constitutionality of section 5—103(b) of the Local Governmental and Governmental Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 5—103(b) (hereinafter referred to as the Tort Immunity Act).

On the evening of December 14, 1975, a fire began in a garage attached to the plaintiffs' residence located at 1030 W. Teton Drive, Peoria. The Peoria fire department arrived at the scene shortly after the fire began and attempted to extinguish the blaze. At approximately 9:30 p.m., the fire chief in charge declared the fire to be out, despite the fact that he had been informed that the internal south and west walls of the Adams' residence were hot. Four hours after the fire department departed, the fire rekindled in the Adams' house, causing substantial damage to the dwelling and its contents. At 6 a.m. the next day the fire rekindled a second time, causing further damage.

On December 14, 1976, the plaintiffs filed a two-count complaint against both the City of Peoria and the Peoria fire department. In the first count of the complaint the plaintiffs allege that the city and the fire department were negligent in failing to extinguish the fire, and as a consequence the plaintiffs suffered damages in excess of $15,000. The second count is the same as the first, except that in this count plaintiffs characterize defendants' conduct as willful and wanton. On April 21, 1978, the circuit court granted defendant's motion to dismiss the Peoria fire department as a defendant. Three days later, the City of Peoria filed a motion to dismiss based upon its immunity from suit under various provisions of the Tort Immunity Act. The court granted the motion, and dismissed the complaint against defendant City of Peoria with prejudice.

The particular statutory provision at issue is section 5—103(b) of the Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 5—103(b)), which provides that with certain exceptions "neither a local public entity nor a public employee acting in the scope of his employment, is liable for an injury caused by an act or omission of a public employee while engaged in fighting a fire." The plaintiffs attack the constitutionality of this statute, basing their attack on the following grounds: First, they contend that section 5—103(b) is in direct contravention of article XIII, section 4, of the Illinois Constitution of 1970, which abolishes the doctrine of sovereign immunity in Illinois; second, they contend that section 5—103(b) violates article I, section 12, of the Illinois Constitution of 1970, which provides that for every wrong there shall be a remedy; and third, the plaintiffs take the position that when section 46 of "An Act in relation to the tort liability of firemen of fire protection districts or corporations" (Ill. Rev. Stat. 1977,

ch. 127½, par. 46) is read in conjunction with section 5—103(b), it is evident that the latter statute bases nonliability on a classification invalid under *Harvey v. Clyde Park District* (1964), 32 Ill. 2d 60, 203 N.E.2d 573.

Before dealing with each of the plaintiffs' contentions, we note that on a previous occasion and in another context section 5—103(b) has been found by the Illinois Supreme Court to be constitutional. (*Stubblefield v. City of Chicago* (1971), 48 Ill. 2d 267, 269 N.E.2d 504.) However, because the particular arguments made by plaintiffs in this cause were not made in *Stubblefield*, the merits of plaintiffs' constitutional attack upon section 5—103(b) in the instant case will be fully considered by this court.

The plaintiffs' first attack upon the constitutionality of section 5—103(b) is based upon that statute's alleged conflict with article XIII, section 4, of the Illinois Constitution of 1970. Article XIII, section 4, provides that "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." Although the 1970 Illinois Constitution was to take effect generally on July 1, 1971, section 1(e) of the transition schedule provided that article XIII, section 4, was not to become effective until January 1, 1972. The plaintiffs contend that this delay was created so that the General Assembly could, in the time provided, enact immunities laws pursuant to the exception found in the constitutional provision. They argue that the Tort Immunity Act, enacted in 1965, was repealed by article XIII, section 4; and the failure of the legislature to enact new immunities laws within the time provided by the transition schedule manifests its intention that none should exist.

■■ We find the plaintiffs' argument to be without merit. In response to the Illinois Supreme Court's abolition of the common-law tort immunity enjoyed by local governmental units and school districts in *Molitor v. Kaneland Community District No. 302* (1959), 18 Ill. 2d 11, 163 N.E.2d 89, *cert. denied* (1960), 362 U.S. 968, 4 L. Ed. 2d 900, 80 S. Ct. 955, the General Assembly enacted a number of bills granting immunity to various public entities. Although the supreme court subsequently held several statutes providing immunity to local governmental units and agencies invalid (see, *e.g., Hutchings v. Kraject* (1966), 34 Ill. 2d 379, 215 N.E.2d 274 (county immunity); *Harvey v. Clyde Park District* (1964), 32 Ill. 2d 60, 203 N.E.2d 573 (park district immunity)), the court indicated in *Harvey* that a tort immunity statute which classifies in terms of municipal function, rather than among different governmental agencies that perform the same function, would withstand constitutional scrutiny. Consequently, the legislature enacted the Tort Immunity Act in 1965, defining tort immunity according to the *Harvey* dictates. See generally Baum, *Tort Liability of Local Governments and Their Employees: An Introduction to the Illinois Immunity Act,* 1966 U. Ill. L. F. 981.

■■ Article XIII, section 4, of the 1970 Constitution, which reflects the

constitutional convention's adoption of the *Molitor* holding, cannot be said to have invalidated the immunities provided to local public entities and their employees under the Tort Immunity Act. The Tort Immunity Act, consistent with the supreme court's post-*Molitor-Harvey* decision, was not magically rendered unconstitutional by *Molitor's* adoption as a constitutional provision. In support of this view is the report of the Committee on General Government, which presented to the Constitutional Convention a version of article XIII, section 4, "substantially adopted" by the Convention. The report states: " 'The Court of Claims Act and the Tort Immunity Act would continue in force as neither is inconsistent with the Committee proposal. If the legislature seeks to preserve the existing pattern of governmental liability, the *only* implementing legislation which would be necessary is an amendment to the Court of Claims Act making it the exclusive remedy against the State.' " (Emphasis added.) (Ill. Ann. Stat., Ill. Const. 1970, art. XIII, §4, Constitutional Commentary, at 293 (Smith-Hurd 1971).) Further, subsequent to January 1, 1972 (the day article XIII, section 4, became effective), the courts of this State have considered numerous cases involving various provisions of the Tort Immunity Act and none have suggested that the Act might be violative of the constitutional proscription of sovereign immunity. (See, *e.g.*, *Tanari v. School Directors* (1977), 69 Ill. 2d 630, 373 N.E.2d 5; *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659; *Hannon v. Counihan* (1977), 54 Ill. App. 3d 509, 369 N.E.2d 917.) We believe the draftees of the 1970 Constitution did not intend, nor have the courts of this State interpreted, the abolition of sovereign immunity to constitute an abolition of the protections provided local public entities and employees by the Tort Immunity Act. We therefore hold that section 5—103(b) of the Tort Immunity Act is unaffected by the existence of article XIII, section 4.

■■ The plaintiffs' second contention on appeal is that section 5—103(b) is violative of article I, section 12, of the 1970 Illinois Constitution, which provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation." In *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659, the Illinois Supreme Court interpreted the predecessor of article I, section 12 (Ill. Const. 1870, art. II, par. 19) to be "an expression of a philosophy and not a mandate that a 'certain remedy' be provided in any specific form * * *." (51 Ill. 2d 274, 277, 281 N.E.2d 659, 662.) However, section 19 provided that "Every person *ought to* find a certain remedy * * *." (Emphasis added.) The plaintiffs contend that the substitution of the word "shall" for "ought to" in the 1970 Constitution transforms section 12 into a mandatory provision. Consequently, they take the position that section 5—103(b) of the Tort Immunity Act, insofar

as it bars suit against the City of Peoria for the negligent or wilful, wanton acts of its fire department, prevents them from obtaining their remedy as guaranteed by article I, section 12.

We disagree with the plaintiffs' contention. "[I]t is clear from the legislative history that the latter change [from "ought to" to "shall"] was not 'to create any new rights or to limit any rights'. 3 Record of Proceedings, Sixth Illinois Constitutional Convention 1491." (*Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 950 n. 1, 381 N.E.2d 1367, 1374 n. 1). This conclusion was also reached in *Angelini v. Snow* (1978), 58 Ill. App. 3d 116, 374 N.E.2d 215. In *Angelini*, the plaintiff contended that the doctrine of contributory negligence, which barred her recovery, violated section 12 by depriving her of a remedy. The court stated that the replacement of "ought to" with "shall" was merely for the purpose of making the statement of the principle more emphatic. (Accord, Ill. Ann. Stat., Ill. Const. 1970, art. I, par. 12, Constitutional Commentary, at page 556 (Smith-Hurd 1971).) "This change has had, and was meant to have, no substantive effect on Illinois law." (58 Ill. App. 3d 116, 119, 374 N.E.2d 215, 218). The *Angelini* court accordingly held that the doctrine of contributory negligence was not unconstitutional under section 12. We are of the opinion that the imposition of the contributory negligence defense in *Angelini* is no less a complete bar to recovery than is defendant's immunity from suit under section 5—103(b) of the Tort Immunity Act in the instant case. Just as the defense of contributory negligence was held in *Angelini* not to violate the philosophy embodied in article I, section 12, we hold that the constitutionality of the Tort Immunity Act is unaffected by the existence of that provision.

We now address the plaintiffs' final contention. Under section 5—103(b), neither a local public entity nor a public employee is liable for an injury caused by that public employee while fighting a fire. One of the exceptions to this broad immunity is found in section 1 of "An Act in relation to the tort liability of firemen of fire protection districts or corporations" (Ill. Rev. Stat. 1977, ch. 127½, par. 46) (hereinafter firemen's tort liability act). That section excepts from the tort immunity protections of section 5—103(b) those firemen employed by a fire protection district or incorporated fire protection organization whose actions in causing injury may be classified as wilful and wanton. The plaintiff contends that the legislature's actions in granting immunity to city firemen who act in a wilful and wanton manner, while denying it to firemen who are employed by fire protection districts, violate the supreme court's directive in *Harvey v. Clyde Park District* (1964), 32 Ill. 2d 60, 303 N.E.2d 573. We have heretofore briefly discussed *Harvey* in disposing of the first issue raised by plaintiffs. In *Harvey*, the supreme court found section 12.1 of the Park District Code (Ill. Rev. Stat. 1963, ch. 105, par. 12.1—1), which granted

tort immunity to park districts, unconstitutional. It reasoned that there was no rational reason why an injured plaintiff should be able to recover damages against a school district or even the State for negligence in failing to properly maintain playground equipment, but be precluded from maintaining a similar action against a park or forest preserve district. The court went on to say:

> "From this decision it does not follow that no valid classifications for purposes of municipal tort liability are possible. On the contrary it is feasible, and it may be thought desirable, to classify in terms of types of municipal function, instead of classifying among different governmental agencies that perform the same function." (32 Ill. 2d 60, 67.)

The plaintiffs in the instant case argue that the denial of immunity for wilful and wanton conduct *only* to firemen employed by fire protection districts by virtue of section 1 of the firemen's tort liability act constitutes a classification based not upon function but rather upon the type of governmental agency in contravention of *Harvey*.

As the defendant City of Peoria points out, the plaintiffs are unaffected by the alleged unconstitutionality of section 5—103(b) under *Harvey*. The plaintiffs in this case filed suit against the City of Peoria and the Peoria Fire Department. At no time did plaintiffs sue firemen individually, nor was a fire protection district or incorporated fire protection organization ever made a party. It is obvious that unless the defendant in an action alleging wilful and wanton conduct is a fireman employed by a fire protection district or incorporated fire protection organization, the exception found in section 1 of the firemen's tort liability act is inapplicable. Because the immunity of the City of Peoria is found solely within section 5—103(b), the plaintiff is not aggrieved by any unconstitutionality which may exist under *Harvey* when section 1 of the firemen's tort liability act governs. Consequently, this court need not consider the constitutionality of section 5—103(b) in light of section 1 of the firemen's tort liability act. "One of the most firmly established doctrines in the field of constitutional law is that a court will ordinarily inquire into the constitutionality of a statute only to the extent required by the case before it, and will not formulate a rule broader than that necessitated by the precise situation in question." *Lorton v. Brown Community School District No. 1* (1966), 35 Ill. 2d 362, 220 N.E.2d 161, 162, quoting *Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 201, 106 N.E.2d 135, *cert. denied* (1952), 344 U.S. 837, 97 L. Ed. 651, 73 S. Ct. 47.

The judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.