JACK D. ADAMS *et al.*, Plaintiffs-Appellants, *v.* HERMAN BROOKS, Defendant-Appellee.

Third District   No. 3—83—0678

Opinion filed May 10, 1984.

Elmo E. Koos, Sr., of Peoria, for appellants.

Brian Nemenoff, of Peoria, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Plaintiffs, Mr. and Mrs. Adams, appeal from the orders of the circuit court of Peoria County dismissing their complaint against the defendant, Herman Brooks. Mr. Brooks was a fireman of the city of Peoria municipal fire department. Brooks supervised the firefighting activities at the Adams' residence in December 1975. Count I of the complaint alleged that Brooks negligently performed his firefighting duties. Count II alleged wilful and wanton conduct. The trial court found that the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, pars. 5—102, 5—

103(b)) protected Brooks from liability for the activities alleged in the complaint. We affirm.

The issue on appeal is whether the trial court erred in finding Brooks immune from suit. Mr. and Mrs. Adams set forth several arguments which were decided in their prior appeal to this court in *Adams v. City of Peoria* (1979), 77 Ill. App. 3d 683. We shall not consider those arguments here.

A fireman's immunity is based upon sections 5—102 and 5—103(b) of the Local Governmental and Governmental Employees Tort Immunity Act. (Ill. Rev. Stat. 1983, ch. 85, pars. 5—102, 5—103(b).) Section 5—102 protects firemen from liability "for an injury resulting from the failure to suppress or contain a fire ***." (Ill. Rev. Stat. 1983, ch. 85, par. 5—102.) Section 5—103(b) provides in relevant part as follows:

> "Except as provided in Section 1—4—4 of the 'Illinois Municipal Code', *** and in Section 1 of "An Act in relation to the tort liability of fireman of fire protection districts or corporations', *** neither a local public entity nor a public employee acting in the scope of his employment, is liable for an injury caused by an act or omission of a public employee while engaged in fighting a fire." (Ill. Rev. Stat. 1983, ch. 85, par. 5—103(b).)

Together, the two sections provide firemen with a blanket immunity from liability for injuries arising from firefighting activities, subject only to the two exceptions noted in section 5—103(b).

Mr. Brooks was an employee of a municipal fire department, not a fire protection district. Consequently, only section 1—4—4 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 1—4—4) is applicable to Mr. Brooks. Section 1—4—4 states as follows:

> "In case any injury to the person or property of another is caused by the negligent operation of a motor vehicle by a member of a municipal fire department while the member is engaged in the performance of his duties as fireman, and without the contributory negligence of the injured person or the owner of the injured property ***, the municipality in whose behalf the member of the municipal fire department is performing his duties as fireman shall be liable for that injury. But in no case shall a member of a municipal fire department be liable in damages for any injury to the person or property of another caused by him while operating a motor vehicle while engaged in the performance of his duties as a fireman, unless such injury results from his wilful and wanton misconduct. ***"

Section 1—4—4 expresses a narrowly defined exception to a firefighter's immunity. A municipal fire department firefighter will be liable only for injury resulting from his wilful and wanton operation of a motor vehicle. The complaint of Mr. and Mrs. Adams does not allege that Mr. Brooks wilfully and wantonly operated a motor vehicle. Therefore, he is immune from liability.

■ Nonetheless, Mr. and Mrs. Adams argue that the immunity provided by sections 5—102 and 5—103(b) is unconstitutional. They base their argument upon an alleged discrepancy between the two exceptions noted in section 5—103(b). Under the section 1—4—4 exception, as stated above, a municipal fire department fireman is only liable for wilful and wanton conduct while operating a motor vehicle. Mr. and Mrs. Adams interpret the other exception, expressed in section 1 of "An Act in relation to the tort liability of firemen of fire protection districts or corporations" (section 46) (Ill. Rev. Stat. 1983, ch. 127½, par. 46), to state that a fireman of a fire protection district can be liable for wilful and wanton conduct while engaged in *any* firefighting activities. Consequently, a fire protection district fireman could be liable for the wilful and wanton supervision of firefighting activities, while a municipal fireman (*i.e.*, Mr. Brooks) could not be liable for such conduct.

In *Stubblefield v. City of Chicago* (1971), 48 Ill. 2d 267, 270, the supreme court restated the principle "that valid classifications for purposes of municipal tort liability may be created but they must relate to the types of municipal functions involved and may not rest upon the differences between the governmental agencies which perform the same function." Mr. and Mrs. Adams claim the difference between the two exceptions creates an unconstitutional classification based upon the governmental body involved, rather than the type of function, since both types of firemen fight fires but are provided different immunities. We find no merit in the constitutionality argument of Mr. and Mrs. Adams because we do not accept their interpretation of section 46.

Mr. and Mrs. Adams derive their interpretation of section 46 upon language found in *McCann v. Lisle-Woodridge Fire Protection District* (1983), 115 Ill. App. 3d 702, 710, wherein the court suggests that any fireman could be liable for injuries arising from his wilful and wanton conduct while engaged in any firefighting activities. We do not believe the *McCann* opinion accurately states the law concerning the possible liability of a fireman arising from activities other than the operation of a motor vehicle. In *McCann*, the plaintiff's injuries arose from a collision resulting from a fireman's operation of a motor vehi-

cle. On appeal, only the liability of the fire protection district was at issue. Thus, the scope of the court's decision is limited to the possible liability of a fire protection district for injuries arising from its fireman's operation of a motor vehicle. Any discussion by the *McCann* court concerning the general liability of a fireman for his firefighting activities under sections 46 and 1—4—4 is, therefore, *dicta*. We choose not to follow the *McCann* court's interpretation of a fireman's liability.

Section 46 provides as follows:

> "In case any injury to the person or property of another is caused by the negligent operation of any motorized fire fighting equipment by a *** fireman of a fire protection district or *** [corporation] while he is engaged in the performance of his duties as a fireman, and without contributory negligence of the injured person *** the fire protection district or *** [corporation] in whose behalf the fireman is performing his duties shall be liable for that injury. While engaged in preventing or extinguishing fires, any fireman *** of a fire protection district or *** [corporation] may enter upon the lands of any person, firm, private or municipal corporation or the State of Illinois to carry out his duties and while so acting shall not be criminally or civilly liable for entering upon such lands. In no case shall such a fireman be liable in damages for any injury to the person or property of another caused by him while engaged in the performance of his duties as a fireman, unless such injury results from his wilful and wanton misconduct." (Ill. Rev. Stat. 1983, ch. 127½, par. 46.)

The import of section 46, as far as it concerns a fireman's liability, is not clear. Arguably, one could read section 46 as did the *McCann* court. However, on the question of a fireman's liability, section 1—4—4 is clear. It applies only to the operation of a motor vehicle. The ostensible conflict between the two sections does take on constitutional proportions. Consequently, it is "our duty to interpret the statute in such a manner as to promote its essential purpose and to avoid, if possible, a construction which would raise doubts as to its validity." *Stubblefield v. City of Chicago* (1971), 48 Ill. 2d 267, 271.

The *Stubblefield* court was faced with the task of reconciling the vague phrase "motorized fire fighting equipment" found in section 46, with the more specific phrase "motor vehicle" found in section 1—4—4. In order to preserve the constitutionality of the firefighter's immunity, the supreme court held that the phrase "motorized fire fighting equipment" would have no broader meaning than the phrase "motor

844

vehicle" found in section 1—4—4. In the same vein, and after considering the language of sections 5—102, 5—103, 1—4—4 and 46 together, we hold that the exception to tort immunity found in section 46 is no broader than the exception found in section 1—4—4. We read both sections to exempt only the operation of a motor vehicle from the blanket immunity provided by sections 5—102 and 5—103(b) of the Local Governmental and Governmental Employees Tort Immunity Act. (Ill. Rev. Stat. 1981, ch. 85, pars. 5—102, 5—103(b).) Consequently, we find that the sections do not create divergent and unconstitutional classifications based upon the same government function. Therefore, we affirm the trial court's decision that Mr. Brooks was immune from liability for the activities alleged in the complaint.

Affirmed.

SCOTT and STOUDER, JJ., concur.