ISABEL GALUSZYNSKI *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (2nd Division)   No. 84—1224

Opinion filed February 26, 1985.

Goldberg & Goldberg, of Chicago (John B. Schwartz and Stephen J. Caron, of counsel), for appellants.

James D. Montgomery, Corporation Counsel, of Chicago (Philip A. Bronstein and Jennifer A. Keller, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is a personal injury action brought by Isabel and Sylvia Galuszynski against the city of Chicago (city), seeking recovery for injuries suffered at the hands of burglars as the result of the city's failure to promptly respond to plaintiff's emergency call through the "911" emergency telephone system to the Chicago police department. Defendant moved to dismiss plaintiffs' four-count complaint for failure to state a cause of action, and the trial court granted the motion. Plaintiffs appeal.

On January 24, 1984, at approximately 9:45 p.m., plaintiff Sylvia Galuszynski placed a call to the Chicago police department through the 911 emergency telephone system to report the presence of an intruder attempting to break into her home. An employee of the police department answered the call and, after obtaining the necessary information, informed plaintiff that police officers were on the way and advised plaintiff to "watch for the police." However, police officers did not respond to plaintiff's call until 10:10, 24 minutes after she placed the call. During this delay, armed intruders entered plaintiff's home and attacked her and her mother, Isabel, injuring them. The intruders also stole money, jewelry and other personal property.

The city moved to dismiss plaintiffs' complaint on the ground that section 4—102 of the Local Governmental and Governmental Employees Tort Immunity Act provided immunity for the city in the absence of a special duty owed to plaintiffs, and that plaintiffs had failed to plead the existence of a special duty.

■ The common law concept that, generally, a municipality is not liable for its failure to supply police protection is embodied in section 4—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 4—102), which provides: "Neither a local public entity nor a public employee is liable *** for failure to provide adequate police protection or service, failure to prevent the commission of crimes and failure to apprehend criminals." It is well settled that the duty of the police is to preserve the well-being of the community at large, and that such duty is generally not owed to specific individuals. (*Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 363, 243 N.E.2d 214; *Santy v. Bresee* (1984), 129 Ill. App. 3d 658; *Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 407, 440 N.E.2d 942; *Porter v. City of Urbana* (1980), 88 Ill. App. 3d 443, 445, 410 N.E.2d 610.) This rule rests upon public policy considerations and "embodies the conclusion that a police department's negligence—its oversights, blunders, omissions—is not the proximate or legal cause of

harms committed by others." *Porter v. City of Urbana* (1980), 88 Ill. App. 3d 443, 445, 410 N.E.2d 610.

"To survive a motion to dismiss, it is not sufficient that a complaint merely allege a duty, but the pleader must allege facts from which the law will raise a duty, and facts must be alleged showing an omission of that duty and resulting injury." (*Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 176, 446 N.E.2d 1183.) Thus, we must examine the instant complaint to determine whether plaintiffs have alleged sufficient facts from which the law will raise a duty and which will therefore support the cause of action in view of the tort immunity statute.

Plaintiffs' complaint alleges that the city represented to the public that the purpose of the 911 emergency system was to serve as a means of contacting the police in emergency situations requiring immediate police response; that plaintiffs called the police department through the 911 system, reported a burglary in progress and were told to "watch for the police"; and that the city "carelessly and negligently" and "wilfully and wantonly" failed to dispatch police officers to plaintiffs' home for 24 minutes, thereby allowing intruders to complete their forced entry of plaintiffs' home and cause injury to plaintiffs. Plaintiffs contend that their complaint states a cause of action under the "special duty" exception to the general rule that municipalities are not liable for failure to exercise general police powers.

The general requirements of the "special duty" exception, whereby the police owe a special duty to an individual, rather than merely to the public at large, are as follows: (1) the municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or wilful in nature; and (4) the injury must occur while plaintiff is under the direct and immediate control of employees or agents of the municipality. *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 172, 176, 446 N.E.2d 1183; *Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 407, 440 N.E.2d 942; *Bell v. Village of Midlothian* (1980), 90 Ill. App. 3d 967, 970, 414 N.E.2d 104.

In the instant case plaintiffs have satisfied the first three requirements. The complaint alleges that the city created and promoted the 911 emergency telephone number to permit faster police response to emergencies; that the plaintiffs were faced with an emergency and called the police through the 911 system; that the police department employee answering the call improperly classified plaintiffs' situation as a "non-emergency"; and that this error resulted in a 24-minute de-

lay on the part of the police department in responding to plaintiffs' call. However, plaintiffs have made no allegations which lead to the conclusion that plaintiffs' injuries occurred while plaintiffs were under the direct and immediate control of city police personnel.

■ In *Gardner v. Village of Chicago Ridge* (1966), 71 Ill. App. 2d 373, 219 N.E.2d 147, the plaintiff was attacked, in the presence of police officers, by four persons whom the police had requested the plaintiff's assistance in identifying. We reversed the dismissal of plaintiff's complaint because the plaintiff had been "called into a position of peril by the police." (71 Ill. App. 2d 373, 380.) However, in *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 446 N.E.2d 1183, we affirmed the dismissal of plaintiff's complaint. In *Marvin*, plaintiff was attacked by six youths in a subway station. A Chicago police officer patrolling the area chased the youths away but denied plaintiff's request that the officer accompany plaintiff down to the platform, explaining that plaintiff "was going to be all right" because he would be using a different platform than the youths. When plaintiff descended to his platform, he found the youths waiting for him, and he was beaten and severely injured. We found that plaintiff had failed to allege that he was under the direct and immediate control of a police officer, stating: "The mere disjunctive allegation that the police officer 'directed, permitted, or caused' plaintiff to descend to the platform in question does not meet this *** requirement." (113 Ill. App. 3d 172, 177.) We find that plaintiffs in the instant case have not alleged that they were under the direct and immediate control of city police personnel. Plaintiffs here were not "called into a position of peril by the police" as was the plaintiff in *Gardner*. Rather, plaintiffs' situation in the instant case is more like that of the plaintiff in *Marvin*, where the plaintiff sought police protection which was not provided. In the instant case, plaintiffs' complaint does not allege facts which show that plaintiffs were under the direct and immediate control of the police at the time their injuries occurred. Therefore, the trial court committed no error in granting defendant's motion to dismiss for failure to allege the existence of a "special duty" to plaintiffs on the part of the police.

Plaintiffs cite the decision of the Appellate Division of the Supreme Court of New York in *DeLong v. County of Erie* (1982), 89 App. Div. 2d 376, 455 N.Y.S.2d 887, in support of their argument that the city should be held liable for its failure to promptly respond to an emergency call on the 911 system. The court in *DeLong* found that the defendant municipality had assumed a duty to the plaintiff by establishing a 911 emergency telephone number and affirmatively re-

sponding to a call for help made through that system. However, the decision in *DeLong* was not written with an eye toward the Illinois governmental tort immunity act or the Illinois decisional law regarding the "special duty" exception to the immunity afforded therein, and it is therefore not applicable to the issue presented by the matter now before us.

Plaintiffs argue that the "direct and immediate control" element of the "special duty" exception to the tort immunity act no longer exists. However, as has been noted above, in *Marvin* we held that the plaintiff failed to meet the requirements of the "special duty" exception solely because of his failure to satisfy the "direct and immediate control" requirement. (*Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 177; see also *Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 407, 440 N.E.2d 942.) Therefore, it is clear that the "direct and immediate control" element is still a part of the "special duty" exception to the tort immunity statute.

Plaintiffs also contend that section 15.1 of "An Act in relation to the designation of an emergency telephone number ***" (Ill. Rev. Stat. 1983, ch. 134, par. 45.1) provides for tort liability based upon "wilful and wanton misconduct" on the part of police officials in operating a telephone system. However, in order to find that such liability exists, we would have to find that section 4—102 of the tort immunity act was implicitly repealed by the enactment of section 15.1 of the telegraph and telephone companies act. Plaintiffs, however, have cited no authority for their argument. Consequently, because the repeal of a statute by implication is not favored, and " 'the clearest case possible must be made before [the] inference may properly be drawn that a later act, by implication, repeals an earlier one' " (*Board of Commissioners v. County of Du Page* (1982), 107 Ill. App. 3d 409, 412, 437 N.E.2d 923), we will not make such a finding here.

We therefore affirm the decision of the circuit court dismissing plaintiffs' complaint for failure to state a cause of action.

Affirmed.

PERLIN and BILANDIC, JJ., concur.