MYRTLE WILLIAMS RUSH, Special Adm'r of the Estate of Patrick Williams, Deceased, Plaintiff-Appellant, v. THE CITY OF CHICAGO et al., Defendants-Appellees.

First District (4th Division)    No. 85—3242

Opinion filed November 25, 1987.

George B. Collins, of Collins & Uscian, of Chicago, for appellant.

Judson Miner, Corporation Counsel, of Chicago (Lawrence W. Leck, Joseph S. Witkowski, and Robert N. Hutchison, Special Assistant Corporation Counsel, of counsel), for appellees.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

While plaintiff Patrick Williams (Williams) was being held by police as a suspect in a rape investigation, he was shot by the mother of the rape victim and sustained substantial personal injuries. He filed this action against the City of Chicago and certain officers of the Chicago police department (collectively the City) to recover damages for his injuries, alleging that the City's failure to prevent the shooting or to protect him from it constituted both ordinary and wilful and wanton negligence. The trial court dismissed Williams' ordinary negligence count prior to trial.[1] The jury returned a verdict in favor of the City on the wilful and wanton negligence count, and the trial court entered judgment on the jury verdict. Williams appeals.

Upon review, we conclude that the City was immune from tort liability for wilful and wanton negligence, because plaintiff failed to establish that the City had a special duty to prevent the rape victim's mother from shooting Williams or to protect him from injury while Williams was being held as a suspect in a rape investigation. We therefore affirm the judgment of the trial court.

BACKGROUND

Chicago police received a report that an eight-year-old girl had been raped in the city. They spoke to the victim and showed her an array of photographs of potential assailants. She identified Williams as the person who had raped her. The police arrested Williams and transported him to the police station for investigation. Upon arrival at

---

[1]Williams died before the trial began, and his mother, Myrtle Williams Rush, was substituted as party plaintiff. For the sake of clarity, we will refer to the plaintiff as Williams throughout this opinion.

the station, Williams was placed in an interrogation room and handcuffed to a wall.

Meanwhile, other police officers brought the girl and her mother to the station to sign a complaint against Williams. The victim and her mother were placed in the interrogation room next to where Williams was being held. Later, the officers who were speaking to the rape victim and her mother left that interrogation room, leaving the victim and her mother alone. The mother then walked out of the room, went to the door of Williams' room, and shot Williams five times in rapid succession while he was handcuffed to the wall. He was severely injured from the wounds.

Williams filed this action to recover damages, alleging both ordinary and wilful and wanton negligence on the part of the City for its failure to prevent the shooting or to protect him from it. The City argued that the complaint should be dismissed on the ground that it was immune from liability. (See Ill. Rev. Stat. 1985, ch. 85, par. 4—102 (governmental tort immunity with respect to police protection); Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9) (dismissal based upon affirmative matter).) The trial court struck the ordinary negligence count and denied the motion to dismiss the wilful and wanton negligence count. Williams appeals from the judgment entered on the jury verdict in favor of the City and police on the wilful and wanton negligence count.

OPINION

■■ Upon review, Williams challenges the trial court's dismissal of the ordinary negligence count and certain of the court's rulings during and following trial. We hold that the City is immune from tort liability under section 4—102 of the Local Governmental and Local Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 4—102). The trial court's judgment was therefore proper.

■■ Under section 4—102, a municipality and its employees are shielded from tort liability for the failure to prevent a crime or provide adequate police protection to a particular person, unless the municipality had a "special duty" to protect that individual. (See Ill. Rev. Stat. 1985, ch. 85, par. 4—102; *Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 363, 243 N.E.2d 214; *Luber v. City of Highland* (1986), 151 Ill. App. 3d 758, 761, 502 N.E.2d 1243, *appeal denied* (1987), 114 Ill. 2d 547 (section 4—102 immunity prevails over section 2—202 immunity in cases involving police protection).) To establish the existence of this "special duty," the plaintiff must demonstrate the following: (1) the police were uniquely aware of the particular danger or risk to

which plaintiff was exposed; (2) the police undertook specific acts or omissions with respect to this danger; (3) these specific acts or omissions were either affirmative or wilful in nature; and (4) the injury occurred while the plaintiff was under the direct and immediate control of the police. See *Hernandez v. Village of Cicero* (1986), 151 Ill. App. 3d 170, 172-73, 502 N.E.2d 1226.

Williams argues that because he was in police custody as a suspect in the rape investigation at the time he was injured, the City had a special duty to prevent his being injured by the rape victim's mother or to otherwise protect him from the incident which occurred. Based upon our review of the record, we determine that the evidence presented at trial failed to establish that the City had such a special duty. The evidence here did not demonstrate that the police were uniquely aware of the particular danger that the rape victim's mother posed to Williams' safety.

The police officers' testimony showed that the victim's mother made no hostile, unkind, or unusual remark about the rape or Williams at any time she was in the officers' company. Their testimony also indicated that the mother displayed no peculiar or volatile behavior while in the presence of the police. There was also no evidence that the police obtained information from third parties to indicate that the rape victim's mother felt so hostile about the rape that she intended to cause physical injury to the person whom she believed had raped her daughter. Although Williams' expert testified to the effect that a relative (especially a mother) of a rape victim would resent and possibly want to physically harm the individual suspected of the rape, Williams presented no specific evidence to show that the police knew that the rape victim's mother harbored such resentment against Williams or was intent upon causing him physical harm. As a result, Williams failed to show that the City possessed a special duty to prevent the shooting or to protect him from it.

Nor are we persuaded to reach a different conclusion simply because police records showed, although the officers here were unaware, that the victim's mother had been arrested for aggravated battery and was the registered owner of a handgun. If the police were charged with knowledge of all their records under circumstances such as are present in the instant case, their liability would be without limitation. (See *Santy v. Bresee* (1984), 129 Ill. App. 3d 658, 662, 473 N.E.2d 69, *appeal denied* (1985), 102 Ill. 2d 559.) We decline to adopt such a position in the case at bar.

Williams argues that *Porter v. County of Cook* (1976), 42 Ill. App. 3d 287, 355 N.E.2d 561, and *Dezort v. Village of Hinsdale* (1976), 35

Ill. App. 3d 703, 342 N.E.2d 468, *appeal after remand Delasky v. Village of Hinsdale* (1982), 109 Ill. App. 3d 976, 441 N.E.2d 367, support the contention that the City and police are not immune from liability. These cases held that jailers must exercise reasonable and ordinary care for the life and health of their prisoners. However, the defense of statutory immunity was not properly raised in the cases cited by Williams, and they are therefore inapposite to the issue considered here. See *Porter v. County of Cook* (1976), 42 Ill. App. 3d 287, 294, 355 N.E.2d 561; *Dezort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703, 712 n.3, 342 N.E.2d 468; *Delasky v. Village of Hinsdale* (1982), 109 Ill. App. 3d 976, 981, 441 N.E.2d 367; *cf. Byrd v. Brishke* (7th Cir. 1972), 466 F.2d 6; Restatement (Second) of Torts §§314 A, 320 (1965).

Absent allegation and proof of "special duty," the City and police are immune from actions to recover damages for the failure to prevent a crime. (See Ill. Rev. Stat. 1985, ch. 85, par. 4—102.) We affirm the judgment in favor of the City and the police on the basis that the statutory immunity accorded them was not overcome by Williams' establishment of "special duty." (*Cf. Long v. Soderquist* (1984), 126 Ill. App. 3d 1059, 1065, 467 N.E.2d 1153.) Because we find that the police and the City are immune from liability as a matter of law, any alleged errors in the trial are immaterial. See *In re Marriage of Benefield* (1985), 131 Ill. App. 3d 648, 650, 476 N.E.2d 7; *Nelson v. Armistead* (1945), 327 Ill. App. 184, 196, 63 N.E.2d 648.

For the above reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, J., and JIGANTI, J., concur.