MARK ANTHONY, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 87—2905

Opinion filed March 29, 1988.

James T. Newman, of Robert J. Cooney & Associates, of Chicago, for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Joanne Simboli Hodge, Assistant Corporation Counsel, of counsel), for appellees.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Mark Anthony, claims error in the dismissal of his second amended complaint with prejudice for failure to state a cause of action against the City of Chicago (City), the Chicago Fire Department (Department) and an unknown city fireman. For reasons which follow, we reverse and remand.

Following previous dismissals of earlier complaints, on April 9,

1987, Anthony filed a three-count, second amended complaint pursuant to leave of court. Count I, in relevant part, asserted defendants' negligence in that they permitted Anthony to remain on the premises and "instructed, directed and encouraged" Anthony's aid in opening an elevator door from which smoke was escaping, in a burning building, without providing him with proper training, clothing, assistance or equipment and without warning him of the elevator's dangerous condition. In count II, Anthony alleged that because defendants "knew or should have known he was likely to be injured" by these same acts, defendants acted wantonly, wilfully and with a reckless disregard for his safety. Anthony attempted in count III to plead defendants' "special duty" to him and the breach thereof, in that: (1) "[d]efendants were uniquely aware of the risk and danger to plaintiff in opening [the elevator] door"; and (2) through their experience, defendants "knew or should have known" either: (a) "elevator shafts are a source of updrafts and associated rapid and explosive combustion"; or (b) "[t]he fire *** would explode when the elevator door was opened." Anthony further alleged defendants wilfully and wantonly "allowed, permitted and encouraged" him to remain on the premises, "directed" him to stand in front of and open an elevator door "containing a fire," and failed to "provide him with proper training, clothing or assistance," although defendants knew or should have known these acts would likely result in injury to Anthony.

The City moved to dismiss, citing sections 5—102 and 5—103 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*) and asserting that: (1) these sections provide fire fighters with blanket immunity from liability for injuries arising from fire fighting activities, subject only to exceptions enumerated in the Act; and (2) the exceptions stated in sections 5—102 and 5—103 of the Act, relating to the operation of a motor vehicle and fire services provided by "fire protection districts or corporations," are inapplicable to the case at bar. Ill. Rev. Stat. 1985, ch. 85, pars. 5—102, 5—103.

Following a hearing on August 12, 1987, the court declined to recognize a "special duty" exception capable of piercing the statutory immunity shielding fire fighters from liability and dismissed the second amended complaint with prejudice.

Anthony appeals, requesting a vacatur or, in the alternative, a reversal of the August 12, 1987, order.

■ To overcome a motion to dismiss, Anthony must assert facts supporting the allegations of the cause of action; in other words, he must allege facts which establish: a duty; a breach of that duty; and

resulting injury. (*Bell v. Village of Midlothian* (1980), 90 Ill. App. 3d 967, 969, 414 N.E.2d 104.) Anthony contends the circuit court erred in dismissing his second amended complaint and failing to recognize the special duty exception to fire fighters' immunity under the Act.

■ A municipality or its employees may not be held liable for failure to supply general police or fire protection. (*Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 363, 243 N.E.2d 214; Ill. Rev. Stat. 1985, ch. 85, pars. 5—102, 5—103.) Where a public employee, however, exercises care or custody over an individual, the individual's status is elevated beyond that of a member of the general public, the "special duty" exception is activated and the employee is liable for injury proximately caused by his negligence. *Huey v. Town of Cicero*, 41 Ill. 2d at 363; *Fessler v. R. E. J. Inc.* (1987), 161 Ill. App. 3d 290, 295, 514 N.E.2d 515; *Fryman v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 611, 616, 484 N.E.2d 909; *Santy v. Bresee* (1984), 129 Ill. App. 3d 658, 662, 473 N.E.2d 69; *Gardner v. Village of Chicago Ridge* (1966), 71 Ill. App. 2d 373, 378-79, 219 N.E.2d 147, *later appeal* (1970), 128 Ill. App. 2d 157, 262 N.E.2d 829, *cert. denied* (1971), 403 U.S. 919, 29 L. Ed. 2d 696, 91 S. Ct. 2230.

Defendants acknowledge the creation of the special duty exception by our supreme court, but argue that it has been applied to police only and urge that it not be extended to injuries caused by fire fighters. See *Galuszynski v. City of Chicago* (1985), 131 Ill. App. 3d 505, 475 N.E.2d 960; *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 446 N.E.2d 1183; *Gardner v. Village of Chicago Ridge* (1966), 71 Ill. App. 2d 373, 219 N.E.2d 147.

Illinois case law does not limit the exception to a particular class or type of public official; instead, the exception has been held relevant to a variety of public entities. (See *Huey v. Town of Cicero*, 41 Ill. 2d at 363; *Fryman v. JMK/Skewer, Inc.*, 137 Ill. App. 3d at 616; *Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 407, 440 N.E.2d 942, *affirmed in part, reversed in part* (1983), 98 Ill. 2d 158, 456 N.E.2d 116; *Bell v. Village of Midlothian*, 90 Ill. App. 3d at 970.) Moreover, this court recently recognized that the exception could be applied to fire fighters. (See *Jackson v. Chicago Firefighters Union, Local No. 2* (1987), 160 Ill. App. 3d 975, 980-82, 513 N.E.2d 1002.) Cases relied upon by defendants, *Adams v. Brooks* (1984), 123 Ill. App. 3d 840, 463 N.E.2d 460, and *Adams v. City of Peoria* (1979), 77 Ill. App. 3d 683, 396 N.E.2d 572, lend little support to them. Although these decisions held that the Act provides fire fighters with blanket immunity from injuries arising from fire fighting activities, subject only to the two exceptions noted in section 5—103(b) of the Act (see *Adams v.*

*Brooks,* 123 Ill. App. 3d at 841; *Adams v. City of Peoria,* 77 Ill. App. 3d at 687), at issue were constitutional challenges to the Act; the parties did not raise, nor did the court consider, the special duty exception.

█ Defendants further maintain that if this court applies the special duty exception to fire fighters, Anthony cannot meet the four elements necessary to the cause of action: (1) the municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be affirmative or wilful in nature; and (4) the injury must occur while plaintiff is under the direct and immediate control of municipal employees or agents. *Bell v. Village of Midlothian,* 90 Ill. App. 3d at 970; see also *Jackson v. Chicago Firefighters Union, Local No. 2,* 160 Ill. App. 3d at 980; *Marvin v. Chicago Transit Authority,* 113 Ill. App. 3d at 176; *Curtis v. County of Cook,* 109 Ill. App. 3d at 407.

█ In the case *sub judice,* the second amended complaint satisfies the first three requirements. The complaint alleges that defendants are experienced in combatting blazes and observing the dangerous effects of updrafts in elevator shafts and that they permitted an untrained, unequipped civilian to open the door of a burning elevator. (See *Huey v. Town of Cicero,* 41 Ill. 2d at 364; *Rush v. City of Chicago* (1987), 163 Ill. App. 3d 725, 728, 517 N.E.2d 17; *Fryman v. JMK/Skewer, Inc.,* 137 Ill. App. 3d at 617.) Anthony further contends that defendants, through the unknown fire fighter, placed him in that hazardous position by affirmatively instructing him to accompany the fire fighter in the burning building and open the elevator door. See *Galuszynski v. City of Chicago,* 131 Ill. App. 3d at 507-08.

Defendants are particularly insistent that Anthony failed to allege that he was under the direct and immediate control of the Department and facts sufficient to satisfy the element of control. The fourth requirement of the special duty exception is met where the public employee "[creates] a position of peril" ultimately injurious to plaintiff, as opposed to situations where plaintiff merely seeks protection from the public employee which is not provided. (*Jackson v. Chicago Firefighters Union, Local No. 2,* 160 Ill. App. 3d at 982; *Galuszynski v. City of Chicago,* 131 Ill. App. 3d at 508.) In *Gardner v. Village of Chicago Ridge* (71 Ill. App. 2d at 379), for instance, the court recognized the existence of a special duty where plaintiff acquiesced to police officers' "express request" to identify several criminal suspects and was subsequently beaten by those suspects. No "direct and immediate control" was found, however, where plaintiffs alleged injuries

arising from a tardy response by police to plaintiffs' 911 emergency telephone call (*Galuszynski v. City of Chicago*, 131 Ill. App. 3d at 508) or where a police officer refused to accompany plaintiff to a subway platform and plaintiff was later beaten by youths waiting on the platform (*Marvin v. Chicago Transit Authority*, 113 Ill. App. 3d at 177). In *Jackson v. Chicago Firefighters Union, Local No. 2* (160 Ill. App. 3d at 982), the court ruled that defendant fire fighters were not "responsible" for the fire which destroyed plaintiffs' property and therefore did not maintain "direct and immediate control" over plaintiffs.

The case at bar most closely resembles *Gardner v. Village of Chicago Ridge* (71 Ill. App. 2d 373): the second amended complaint alleged that the unknown fire fighter "instructed" and "directed" Anthony to open the elevator door and that Anthony was "instructed, directed and encouraged" to "aid" defendants in combatting the fire. The fire fighter arguably assumed responsibility for Anthony's safety when he requisitioned Anthony to assist in fighting the blaze and thereby initiated the events immediately accountable for Anthony's injuries. While the precise phrase "direct and immediate control" is absent from the pleading, Anthony nonetheless alleged facts adequately demonstrating that defendants' affirmative acts created a position of peril. (See *Playskool, Inc. v. Elsa Benson, Inc.* (1986), 147 Ill. App. 3d 292, 301-02, 497 N.E.2d 1199; *MBL (USA) Corp. v. Diekman* (1985), 137 Ill. App. 3d 238, 243, 484 N.E.2d 371.) The circuit court thus erred in dismissing Anthony's second amended complaint.

For the reasons above stated, the circuit court's order of August 12, 1987, dismissing Anthony's second amended complaint must be reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STAMOS and BILANDIC, JJ., concur.