KENT D. GORDON *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF JACKSON, Defendant-Appellee.

Fifth District   No. 5—91—0122

Opinion filed August 4, 1992.

John P. Womick, of Womick & Associates, Chartered, of Carbondale, for appellants.

Thomas E. Jones and Leslie G. Offergeld, both of Walker & Williams, P.C., of Belleville, for appellee.

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Kent D. Gordon (hereinafter plaintiff) and Tamera D. Gordon, filed this interlocutory appeal in response to an order of the circuit court of Jackson County dismissing two counts of negligence against defendant, the County of Jackson, based on the special-duty exception to the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*). The issue before this court is whether the trial court erred in

finding that a special relationship did not exist between plaintiff and a Jackson County police officer when plaintiff received injuries while rescuing the officer. We reverse and remand.

On August 1, 1989, Sergeant David W. Allen, employed by the Jackson County sheriff's department, was dispatched to the Newhill Liquor Store to investigate a subject acting in an unusual manner. Upon arrival at the liquor store, Sergeant Allen recognized Frank Falkenbury, a man he knew to have been involved in at least two altercations with other police officers and several violent domestic disputes with his wife. Allen reached the opinion that Falkenbury was intoxicated. While talking to Falkenbury, Allen received a radio dispatch stating that Falkenbury's wife was in the hospital after receiving a blow to the head with a hammer, inflicted by her husband. Subsequently, Allen took Falkenbury to the hospital to question Mrs. Falkenbury about the incident. At the hospital, Allen left Falkenbury unrestrained and unattended in the waiting room while Allen spoke to Mrs. Falkenbury. Falkenbury disregarded Allen's instructions to stay in the waiting area, entered the room where Allen was questioning Mrs. Falkenbury, and began using loud, abusive and profane language and exhibiting threatening behavior. Allen escorted Falkenbury back to the waiting room adjacent to the radiology department where plaintiff was employed as a radiology technician. In the waiting room, Allen informed Falkenbury that he was under arrest, and Falkenbury resisted, at which time Allen called for backup. Immediately thereafter, Falkenbury pushed Allen and a fight ensued. Plaintiff heard the disturbance in the waiting room and observed that Allen was losing the fight. Plaintiff also observed that Allen was in danger of losing possession of his weapon, so he came forward to assist the officer. During the fight, plaintiff suffered a broken leg. Plaintiffs filed a four-count complaint, with counts I and II based on the special-duty exception to the Act and negligence and counts III and IV based on wilful and wanton conduct. The trial court dismissed with prejudice counts I and II pursuant to section 2—615 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) after reviewing the depositions of Sergeant Allen and plaintiff, finding that plaintiff could not plead sufficient facts to meet the fourth element of the "special duty" exception test. The fourth element requires that the injury must have occurred while plaintiff was under the direct and immediate control of Sergeant Allen.

Defendant relies on the special-duty exception to the Act as the basis for this appeal. The special-duty doctrine is a common law exception which Illinois courts have invoked in two basic factual situa-

tions. The first is where a plaintiff sues a municipality for failure to enforce a law or ordinance. The second is where a plaintiff sues a municipality for injuries negligently caused by police officers or firefighters performing their official duties. In both situations, the common law rule exempts municipalities and their employees from tort liability unless plaintiffs can show that the municipalities owe them a special duty that is different from its duty to the general public. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 508, 565 N.E.2d 654, 658.) A special relationship is created when circumstances are such that it becomes the duty of the municipality or public official to act on behalf of a specific individual, as opposed to the public at large. (139 Ill. 2d at 508, 565 N.E.2d at 658.) In such a case, the negligent failure to carry out the special duty is actionable. (139 Ill. 2d at 508, 565 N.E.2d at 658.) There are four elements which a plaintiff must prove to establish such a duty:

" ' "(1) the municipality must be uniquely aware of the particular danger or risk to which the plaintiff is exposed [citation];

(2) there must be allegations of specific acts or omissions on the part of the municipality [citation];

(3) the specific acts or omissions *** must be either affirmative or wilful in nature [citation]; and

(4) the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality [citation]." *Bell v. Village of Midlothian* (1980), 90 Ill. App. 3d 967, 970[, 414 N.E.2d 104].' *Fryman* [*v. JMK/Skewer, Inc.* (1985)], 137 Ill. App. 3d [611,] 617[, 484 N.E.2d 909]." *Burdinie*, 139 Ill. 2d at 508, 565 N.E.2d at 659.

In the present case, pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), the trial court dismissed the counts alleging defendant owed plaintiff a special duty. It is well settled that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 466 N.E.2d 224.) Therefore, we must look to the pleadings to determine whether plaintiffs alleged facts sufficient to prove a special duty existed between Sergeant Allen and plaintiff.

Plaintiffs allege that Sergeant Allen knew Falkenbury, knew of his propensity to resist arrest, knew he was violent and aggressive by reputation, knew or believed he was drunk, knew that he had been accused of battering his wife, and with this knowledge took Falkenbury to the hospital to confront his wife. Plaintiffs further allege that an

altercation occurred at the hospital, Sergeant Allen radioed for help, Allen was in danger of losing control of his weapon, plaintiff came to Allen's aid, and while assisting Allen, plaintiff suffered a broken leg.

Defendant concedes that the first three prongs of the special-duty-exception test have been met and argues only that plaintiffs failed to meet the fourth prong, which requires that the injury occur while plaintiff is under the direct and immediate control of employees or agents of defendant. Therefore, we need only to address whether there are any facts as alleged by plaintiffs which, if proved, would show that plaintiff was under the direct and immediate control of Sergeant Allen when plaintiff was injured.

Plaintiffs argue that Sergeant Allen created a perilous situation by bringing Falkenbury to the hospital, knowing Falkenbury's violent nature and state of intoxication. Further, plaintiffs argue that since plaintiff was put in a position of peril by Allen, a police officer, a special relationship existed between Allen and plaintiff sufficient to place plaintiff within Allen's control. Therefore, plaintiffs assert that the fourth prong of the special relationship test has been satisfied. In support of this conclusion, plaintiffs cite *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 565 N.E.2d 654, in which our supreme court stated:

> "[T]he fourth test requirement is met where the public employee creates a position of peril ultimately injurious to a plaintiff, as opposed to situations where a plaintiff merely seeks protection from the public employee that is not normally provided. (*Anthony* [*v. City of Chicago* (1988)], 168 Ill. App. 3d [733,] 737[, 523 N.E.2d 22]; *Jackson* [*v. Chicago Firefighters Union, Local No. 2* (1987)], 160 Ill. App. 3d [975,] 982[, 513 N.E.2d 1002].) *We interpret this to mean that the control element arises when the public employee initiates the circumstances which create the dangerous situation.* Thus, where a police officer or firefighter initiates the dangerous situation without any suggestion from the plaintiff, it has been held that the plaintiff is under the control of the police or fire department. (*Anthony*, 168 Ill. App. 3d at 737; *Brooks* [*v. Lundeen* (1977)], 49 Ill. App. 3d [1,] 6-7, 364 N.E.2d 423; *Gardner* [*v. Village of Chicago Ridge* (1966)], 71 Ill. App. 2d [373,] 379[, 219 N.E.2d 147].)" (Emphasis added.) 139 Ill. 2d at 525-26, 565 N.E.2d at 667.

The supreme court's definition of control applies to the present case. Sergeant Allen placed plaintiff in a position of peril by bringing a known aggressor into a volatile situation. Under the

*Burdinie* definition of control, Sergeant Allen initiated the circumstances which created danger in plaintiff's workplace, and plaintiff was injured as a result of Allen's actions. Defendant argues that since plaintiff took it upon himself to intervene on behalf of Allen, without the police officer's express request, a special relationship did not exist between the two men, and plaintiff was injured at his own risk. The *Burdinie* court stated:

> " ' "The [municipality] must protect those it throws into snake pits, but [it] need not guarantee that volunteer snake charmers will not be bitten." ' [Citations.]" (139 Ill. 2d at 526, 565 N.E.2d at 667.)

We find that in this case Sergeant Allen brought the snake pit to plaintiff. Therefore, we hold that plaintiffs have alleged facts sufficient to survive a section 2—615 motion to dismiss counts I and II of their second amended complaint based on the special-duty exception to the Act.

For the foregoing reasons, the order of the circuit court of Jackson County is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CHAPMAN and RARICK, JJ., concur.