SANDRA J. MALLDER, Adm'r of the Estate of Cynthia Jo Mallder, Deceased, Plaintiff-Appellant, v. GEORGE R. RASMUSSEN *et al.*, Defendant-Appellee.

Third District   No. 3—85—0571

Opinion filed July 24, 1986.

Michael J. Warner and Raymond J. Conklin, both of Braud/Warner, Ltd., of Rock Island, for appellant.

James T. Teros, State's Attorney, of Rock Island (Dennis Faust, Assistant State's Attorney, of counsel), for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

This case arose out of an automobile accident which resulted in the death of plaintiff's decedent, Cynthia Jo Mallder. The vehicle in which she was a passenger was involved in a collision with an automobile operated by Samuel D. Scott. The alleged liability of the defendants was predicated on the negligent or willful and wanton failure of George R. Rasmussen, a deputy sheriff employed by the county, to arrest Scott pursuant to an outstanding warrant when he encountered Scott about six hours before the fatal collision.

In addition, the complaint sought damages for the alleged violation of section 16 of "An Act to revise the law in relation to sheriffs" (Ill. Rev. Stat. 1983, ch. 125, par. 16) which provides that the disobedience of any sheriff to perform the command of any writ, warrant, process, order or decree legally issued to him, shall be liable to the party aggrieved for all damages occasioned thereby.

The circuit court of Rock Island County dismissed all counts against these defendants based upon the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*), and for failure to state a cause of action. We affirm.

The plaintiff pleaded the following facts in support of her claims. That when Deputy Rasmussen came into direct contact with Scott in the late evening hours of March 19, 1983, Rasmussen was aware of an outstanding arrest warrant for Scott, whom he knew to be an alcoholic with a prior record for driving under the influence, and whom he knew was not authorized to operate a motor vehicle. The deputy reportedly witnessed Scott consuming alcohol at a private residence, but did not see him operate a motor vehicle. Rasmussen told Scott about the warrant, and Scott agreed to report to the sheriff's office the following Monday morning. The plaintiff asserted that the sheriff's deputy knew or should have known that Scott would operate a motor vehicle on the highway.

█ The trial court ruled that the complaint was insufficient to state a cause of action due to the absence of facts showing that the defendants owed any special duty to plaintiff's decedent which would expose the municipality to liability for the failure to prevent a crime. Generally, law-enforcement officials have no duty to protect individual citizens from criminal acts; their responsibility is to the general public. *Santy v. Bresee* (1984), 129 Ill. App. 3d 658, 473 N.E.2d 69.

██ █ An exception to the general rule exists when the police assume a special relationship to an individual which elevates that person's status beyond that of a general citizen of the community. (*Porter v. City of Urbana* (1980), 88 Ill. App. 3d 443, 410 N.E.2d 610.) The requirements for such a special duty exception, as enunciated in *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 446 N.E.2d 1183, are: (1) the municipality must be uniquely aware of the particular danger or risk to which the plaintiff is exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or willful in nature; and (4) the injury must occur while the plaintiff is under the direct and immediate control of the municipality.

The plaintiff disputes the application of the "special duty" doctrine to the failure to carry out a warrant, a function which she characterizes as "ministerial," arguing that it requires mere obedience to the mandate of legal authority, without the exercise of the officer's own judgment about the propriety of the act being done. She contrasts this with warrantless arrests, where discretion is unquestionably involved. The plaintiff correctly observes that under the doctrine of common law public-official immunity, liability is not regularly imposed upon public officials for the negligent performance of discretionary acts, whereas the exercise of ministerial tasks entails a duty of reasonable care to those whose injury as a result of the negligent performance of that duty is foreseeable. See *Hicks v. Williams* (1982), 104 Ill. App. 3d 172, 432 N.E.2d 1278.

We cannot agree that an arrest pursuant to a warrant is an act of the type generally considered to be ministerial in nature. While a warrantless arrest may typically require a broader exercise of discretion, the existence of a warrant actually eliminates only one element from the arrest process: the determination that a given individual is subject to arrest. The considerations as to where, when, and under what circumstances a warrant should be effectuated are valid discretionary matters remaining subject to the judgment of the law-enforcement officer.

■ Presumably, in the case before us, had Deputy Rasmussen encountered Scott behind the wheel of a car in an obvious state of intoxication, he would have exercised his discretion differently. Nevertheless, it is precisely because of the fact that circumstances unique to every arrest will affect the manner in which the officer must exercise his or her authority for the public good, that the execution of an arrest warrant must be free from the threat of liability. Therefore, we hold that the trial court was correct in applying the "special duty" exception to the present case, and in holding that the fourth requirement of the exception was lacking here.

■ Next, we turn to the question whether the complaint states a cause of action under section 16 (Ill. Rev. Stat. 1983, ch. 125, par. 16) whereby the sheriff may be held liable to an injured third party for his failure to perform the command of a warrant. This issue, like the first, requires an analysis as to whom a duty, if any, is owed.

The statute refers to the sheriff's liability "to the party aggrieved." This language has been interpreted to limit liability to parties to the proceeding involved, and to preclude application of the statute to strangers to the action which gave rise to the issuance of the process or warrant in question. (*Standard Accident Insurance Co.*

*v. Lohman* (7th Cir. 1961), 295 F.2d 261.) Accordingly, we hold that the statute was not intended to create a cause of action accruing to the benefit of nonparties to the proceeding, such as the plaintiff.

Moreover, to give section 16 the meaning ascribed to it by the plaintiff in this instance would obfuscate the legislature's intentions under sections 4—102 and 4—107 of the Tort Immunity Act to protect local governmental entities from liability for failing to prevent the commission of crimes or to make an arrest. The plaintiff urges us to draw a distinction based upon the existence of a warrant. However, we decline to limit the protection of governmental immunity to warrantless-arrest situations in the absence of express legislative authority.

For the foregoing reasons, we affirm the order of the circuit court of Rock Island County.

Affirmed.

SCOTT, P.J., and HEIPLE, J., concur.