(No. 84-CC-3251—

BARBARA ANDERSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 25, 1988.*

IVERSEN, CARLSON & ASSOCIATES, for Claimant.

NEIL F. HARTIGAN, Attorney General (KARIN KEPLER, Assistant Attorney General, of counsel), for Respondent.

SOMMER, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein; due notice having been given the parties hereto, and the Court being fully advised in the premises, the court finds:

That the claim before us arose from a vehicular accident which occurred on May 21, 1983, on Route 47 near Huntley, Illinois. Claimant's decedent was involved in a head-on collision with Robert Yurs. Shortly before the accident, Mr. Yurs had been stopped for erratic driving and was ticketed by State trooper Richard Stewart of District 15.

The gist of the Claimant's complaint is that when Trooper Stewart stopped Mr. Yurs and issued him a warning citation, he was careless or negligent in failing to determine that Mr. Yurs was possibly under the influence of alcohol, and was careless or negligent in allowing Mr. Yurs to drive. It further alleges that as a direct and proximate cause of these acts or omissions, Claimant suffered loss of financial support and loss of consortium. Additionally, by amended complaint, it is alleged that Trooper Stewart's conduct was willful and wanton.

Traditionally, claims such as this fall under a rule of

law sometimes known as the "public duty" rule. This rule states that a police officer's duty to enforce the law is a duty owed to the public generally and not to individual persons; therefore, police officers and their employers are not liable to individuals injured even if an officer failed to do his or her duty. (*Mallder v. Rasmussen* (1986), 145 Ill. App. 3d 809, 495 N.E.2d 1356.) An exception to this rule exists where the police enter into a special relationship with a person who is subsequently injured (*Mallder, supra*), but no such relationship existed in this case.

The Claimant argues that section 319 of the Restatement of Torts 2d, should be adopted by this Court in this case to create a duty on the part of Trooper Stewart to protect third persons once he had stopped Mr. Yurs.

"319. Duty of Those in Charge of Persons Having Dangerous Propensities.

One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm."

In *Fessler v. R.E.J. Inc.* (1987), 161 Ill. App. 3d 290, 314 N.E.2d 515, with facts similar to the present case, the court rejected the application of section 324A of the Restatement of Torts. Section 324A essentially states that those who render services have a duty to exercise reasonable care to protect third parties. In *Fessler, supra*, the court found that the decedent's representatives had no cause of action against the police officer who had been dispatched to respond to reports of drunken driving. The officer talked to the alleged drunken drivers, but did not make an arrest. Soon thereafter one of the drunken drivers struck an auto and killed its occupant. The court refused to create a duty to specific third persons and rejected application of section

324A of the Restatement of Torts. The court stated that, "the law and policy of this State call for the continued validity of the 'public duty' rule \* \* \*" *Fessler*, 161 Ill. App. 3d 290, 302.

In cases similar to the present case, the precedents are uniform in this State, holding that no duty exists to specific third persons. Additionally, an argument attempting to establish a duty to specific persons from the Restatement of Torts, albeit a different section, has been rejected within the past year on the grounds of public policy. Therefore, this Court, under the precedent of the reasoning and rule of law as expressed in the *Fessler* case, cannot adopt section 319 of the Restatement of Torts 2d, to create a duty to the Claimant's decedent.

The Claimant pleads that the conduct of Trooper Stewart was willful and wanton; however, the Claimant pleads no facts to distinguish Trooper Stewart's conduct from that of the officers in *Fessler* or *Mallder*, *supra*. It would appear that the allegation is more directed to the Respondent's argument of public official immunity which this Court has not addressed.

Therefore, this Court finds that the Claimant has failed to state a cause of action, and this complaint is dismissed.

The Claimant, in its memorandum, requests leave to file a second amended complaint. The Claimant may make whatever motions it deems necessary in the proper form.