MARIA RAMIREZ, Guardian of the Estate of Luis Ramirez, a Disabled Person, Plaintiff-Appellant, v. THE VILLAGE OF RIVER GROVE *et al.*, Defendants-Appellees.

First District (4th Division) No. 1—93—0461

Opinion filed September 30, 1994.

Leo M. Bleiman & Associates, of Chicago (Laura Monahan-Jarvis, of counsel), for appellant.

Ancel, Glink, Diamond, Cope & Bush, of Chicago (Michael W. Tootooian, of counsel), for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Maria Ramirez, guardian of the estate of Luis Ramirez (Ramirez), a disabled person, appeals from an order of the circuit court of Cook County which dismissed her negligence action against the Village of River Grove (Village) as barred under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1991, ch. 85, par. 1—101 *et seq.*). For the reasons which follow, we affirm.

On February 1, 1991, Ramirez was a passenger in a vehicle being driven by Kris Lazzarotto in a northerly direction on River Road in River Grove. After traversing a triple-track railroad grade crossing, the vehicle in which Ramirez was riding crossed over the center line of River Road and collided with a southbound vehicle. As a result of the injuries that Ramirez sustained in the collision, the plaintiff brought a multi-count action against a number of defendants.

Count I of the plaintiff's amended complaint sought recovery against the Village. The Village moved to dismiss count I arguing that: (1) it was immune from liability under section 3—104 of the Tort Immunity Act (Ill. Rev. Stat. 1991, ch. 85, par. 3—104); and (2) Ramirez was neither an intended nor a permitted user of its roadway at the time of his injuries and, as such, the Village did not owe him a duty upon which tort liability could be predicated under section 3—102(a) of the Tort Immunity Act (Ill. Rev. Stat. 1991, ch. 85, par. 3—102(a)). On January 20, 1993, the circuit court entered an order dismissing count I of the plaintiff's amended complaint with prejudice and included the requisite finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). This appeal followed.

In count I of her amended complaint, the plaintiff alleged that the railroad crossing was dangerous due to its configuration and construction. Specifically, the plaintiff alleged that vehicles crossing the railroad tracks had a tendency to "lose steering and breaking control." The plaintiff further alleged that pursuant to section 11—304 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95¹/2, par. 11—304), and the rules and regulations of the Illinois Commerce Commission embodied in the Illinois Administrative Code (92 Ill. Adm. Code §§ 1535.310, 1535.604, 1535.605 (1988)), the Village had a duty to post and maintain certain traffic warning signs in the vicinity of the subject railroad grade crossing. But in violation of those duties, the Village failed to post the required warning signs and failed to post signs reducing the speed limit in the area of the railroad crossing. The plaintiff charged that the Village's failure to post the required signs proximately caused the collision which resulted in Ramirez's injuries.

In moving for dismissal of count I of the plaintiff's amended complaint, the Village, *inter alia*, invoked its immunity under section 3—104 of the Tort Immunity Act. On appeal, the plaintiff argues that section 3—104 does not immunize a local public entity from liability for a violation of the rules and regulations of the Illinois Commerce Commission or from liability for posting inappropriate speed limit signs. We disagree.

■ ■ Local public entities have an obligation to maintain their property in a reasonably safe condition. Their duty in this regard is codified in section 3—102 of the Tort Immunity Act. However, the Tort Immunity Act does not create duties; it merely articulates the common law duty owed by the local public entity and confers upon it immunity for certain delineated acts or omissions which would otherwise fall within the scope of its duty. (*Swett v. Village of Algonquin* (1988), 169 Ill. App. 3d 78, 523 N.E.2d 594.) The Tort Immunity Act provides a municipality with affirmative defenses which, when properly interposed, bar a plaintiff's right to recovery. (*Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.) In the case at bar, we are called upon to analyze the scope of the immunity afforded to the Village under section 3—104, which provides:

> "Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to initially provide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating or warning sign, device or marking, signs, overhead lights, traffic separating or restricting devices or barriers." Ill. Rev. Stat. 1991, ch. 85, par. 3—104.

In *West v. Kirkham* (1992), 147 Ill. 2d 1, 6-7, 588 N.E.2d 1104, 1107, our supreme court interpreted section 3—104 and held that "[t]he language of the provision is unconditional" and acts to immunize a municipality from all liability arising out of the failure to provide a particular traffic control device. The court's holding was grounded upon a finding that the legislature clearly intended to "immunize absolutely the failure to initially provide a traffic control device, even where such failure might 'endanger the safe movement of traffic.'" (Emphasis omitted.) *West*, 147 Ill. 2d at 8, 588 N.E.2d at 1108.

■ In count I of her amended complaint, the plaintiff charged that the Village failed to post certain warning and speed reduction signs in advance of the railroad crossing as mandated by both the Illinois Vehicle Code and the Illinois Commerce Commission. The plaintiff attempts to distinguish *West* because this case involves the

safety of a railroad crossing and argues the exclusive jurisdiction of the Illinois Commerce Commission over railroad grade crossings renders the immunity provided in section 3—104 inapplicable. We find this contention no more compelling than similar arguments that have been made and rejected in reference to the signage mandates of the Illinois Vehicle Code. (*Santelli v. City of Chicago* (1991), 222 Ill. App. 3d 862, 584 N.E.2d 456; *Fitt v. City of Mattoon* (1991), 215 Ill. App. 3d 472, 574 N.E.2d 1275.) While section 11—304 of the Illinois Vehicle Code and the rules and regulations of the Illinois Commerce Commission impose obligations upon municipalities to post various warning signs, section 3—104 of the Tort Immunity Act absolutely immunizes local public entities from any tort liability for failing to fulfil those duties (*Santelli*, 222 Ill. App. 3d at 870, 584 N.E.2d at 461; *Fitt*, 215 Ill. App. 3d at 481, 574 N.E.2d at 1280; *Newsome v. Thompson* (1990), 202 Ill. App. 3d 1074, 560 N.E.2d 974).

Additionally, relying upon the holding of *Parsons v. Carbondale Township* (1991), 217 Ill. App. 3d 637, 577 N.E.2d 779, the plaintiff contends that section 3—104 is inapplicable to her allegation that the Village failed to post speed reduction signs, because the allegation essentially charges that the Village installed an inappropriate speed sign as opposed to failing to install a sign in the first instance. Aside from the fact that we do not read this allegation to be anything other than one of failing to install a speed reduction sign, the plaintiff's contention in this regard is erroneous. In *West*, our supreme court rejected a similar argument and held:

"We find that the exception to section 3—104 urged by plaintiff *** would effectively swallow the section's immunity entirely. The creative plaintiff, seeking to premise an action on the failure to provide a particular traffic device, could always circumvent section 3—104 by finding and pointing out some other traffic device that was provided. We do not believe that the legislature intended such a narrow construction of section 3—104, particularly considering the changes wrought by the 1986 amendment." *West*, 147 Ill. 2d at 10, 588 N.E.2d at 1108.

Having found that the Village was absolutely immune from liability for any of the acts or omissions alleged in count I of the plaintiff's amended complaint under section 3—104 of the Tort Immunity Act, we need not address the Village's contention that Ramirez was not an intended or permitted user of the roadway at the time he was injured.

Affirmed.

JOHNSON and CAHILL, JJ., concur.