GEORGE M. MILLERICK *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF TINLEY PARK, Defendant-Appellee.

First District (6th Division)   No. 1—94—2632

Opinion filed May 12, 1995.

M. Leslie Kite & Associates, P.C., of Chicago (Jennifer Adams Murphy, of counsel), for appellants.

Ancel, Glink, Diamond, Cope & Bush, P.C., of Chicago (Thomas G. DiCianni and Mark A. Balkin, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Townhome owners appeal from the order dismissing with prejudice count XI of their amended complaint, which sought relief from the Village of Tinley Park (Village) for its alleged gross negligence in issuing a building permit and failing to disclose to plaintiffs the poor soil conditions at the site of their townhomes. The issue before this court is whether the trial court erred in dismissing count XI against the Village on the ground that plaintiffs failed to allege a special duty giving rise to a negligence action against the Village. We affirm.

In October 1992, plaintiffs Millericks and Lugo and Calabrese purchased two respective townhomes located at the Meadow Mews townhome complex in the Village. Prior to entering into the contracts to buy their townhomes, plaintiffs each asked the Village's building department about the presence of peat on the property. Unnamed Village employees told the Millericks and Lugo there was no peat present on the property. Allegedly, on three separate occasions, Lugo called the building department and was told there was no peat present on the property.

In April 1993, plaintiffs discovered the floors in their individual townhomes were sloping from settlement, which was allegedly caused because the townhomes were constructed on shallow spread footings in peat and organic silt. Plaintiffs then filed an 11-count amended complaint naming as defendants the Village, a residential home builder (Tolan), and a soil engineer (Walter). The amended complaint alleged defendant Walter prepared four soil reports for the Meadow Mews property. In the first two reports, Walter stated the soil testing revealed a 15-foot layer of compressible peat and organic silt. He recommended removing the peat and organic silt prior to construction and replacing it with fill, or building the townhomes on caisson foundations. In Walter's last two reports, he recommended excavation of only two or three feet of unsuitable soil and construction of the townhomes on shallow spread footings. The Village received copies of all four reports.

In count XI of the amended complaint, plaintiffs sought damages

from the Village for its gross negligence in issuing a building permit to Tolan, failing to enforce Village building codes, and misstating to plaintiffs the condition of the soil when asked about the presence of peat. The Village filed a motion to dismiss pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1992)) asserting that plaintiffs' case did not come under the special duty exception, and that even if plaintiffs' complaint did allege a special duty, sections 2—103, 2—104, and 2—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2—103, 2—104, 2—106 (West 1992)) barred their claim. The trial court dismissed count XI against the Village, holding the special duty exception did not apply.

■ Contrary to plaintiffs' assertion, the trial court did not rely on section 2—104 of the Tort Immunity Act (745 ILCS 10/2—104 (West 1992)) in dismissing count XI. Rather, the record reveals the trial court dismissed count XI because plaintiffs failed to allege a special duty. The Tort Immunity Act does not create duties or obligations, but provides municipalities with immunities or affirmative defenses for specific government functions which bar a plaintiff's right to recovery. *Ramirez v. Village of River Grove* (1994), 266 Ill. App. 3d 930, 932, 641 N.E.2d 7.

■ In order to survive a motion to dismiss, a complaint must allege sufficient facts to state a cause of action. Here, plaintiffs' complaint based on negligence must establish the Village owed plaintiffs a duty, breached the duty, and the breach proximately caused plaintiffs' injuries or damages. (*Doe v. Calumet City* (1994), 161 Ill. 2d 374, 384, 641 N.E.2d 498.) The existence of a duty is a question of law and is a pivotal issue in this case. Absent a duty, there can be no recovery in negligence as a matter of law.

■ ■ The law is clear that there is no common law duty to the general public for a municipality's failure to enforce an ordinance or building code. Liability only arises where a municipality owes plaintiffs a "special duty" that is different from the duty owed to members of the general public. (*Ferentchak v. Village of Frankfort* (1985), 105 Ill. 2d 474, 475 N.E.2d 822; *Lakeside Condominium "C" Association v. Frediani Developers, Inc.* (1985), 135 Ill. App. 3d 972, 482 N.E.2d 665; *Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, 268 N.E.2d 26.) The following four elements comprise the special duty exception:

> " '(1) the municipality must be uniquely aware of the particular danger or risk to which the plaintiff is exposed [citation];
>
> (2) there must be allegations of specific acts or omissions on the part of the municipality [citation];

(3) the specific acts or omissions *** must be either affirmative or wilful in nature [citation]; and

(4) the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality [citation].' " *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 508, 565 N.E.2d 654, quoting *Bell v. Village of Midlothian* (1980), 90 Ill. App. 3d 967, 970, 414 N.E.2d 104.

Generally, courts have only recognized a special duty exception in cases of police or fire department negligence. (See *Leone v. City of Chicago* (1993), 156 Ill. 2d 33, 619 N.E.2d 119 (special duty for officer ordering motorist to inspect license plate in an active traffic lane); *Anthony v. City of Chicago* (1988), 168 Ill. App. 3d 733, 523 N.E.2d 22 (special duty for firefighter ordering bystander to assist in rescue).) However, courts have examined the concept of special duty in contexts other than police and fire department cases. (See *Arizzi v. City of Chicago* (1990), 201 Ill. App. 3d 368, 559 N.E.2d 68 (no special duty for failure to enforce municipal code); *Lakeside Condominium "C" Association*, 135 Ill. App. 3d 972, 482 N.E.2d 665 (no special duty for negligent enforcement of building code).) Overwhelmingly, municipalities are not held liable in such instances because plaintiffs' complaints do not allege sufficient facts to show element number four of the special duty analysis.

■ The case *sub judice* is analogous to several other cases in that even assuming plaintiffs have satisfied the first three elements of the exception, they have failed to set forth allegations to show they were injured while under the direct and immediate control of the Village. Element number four is satisfied when the governmental employee initiates the circumstances which create the danger. (*Burdinie*, 139 Ill. 2d at 526.) However, where plaintiff initiates contact with the municipal employee, plaintiff is not under the direct or immediate control of the municipality.

Plaintiffs here initiated contact with the Village employees and asked about the soil condition of the property. The facts indicate it was at plaintiffs' urging that the question of peat was answered and that plaintiffs voluntarily bought the townhomes. There is no allegation plaintiffs were in the direct and immediate control of the Village or why the Village owed a special duty to plaintiffs. In view of the failure to allege a special duty relationship between plaintiffs and the Village, the trial court properly dismissed count XI of the amended complaint.

Finally, although plaintiffs claim the representations made to them by Village employees put them in the direct and immediate control of the Village, they do not seek damages for negligent misrep-

resentation. We conclude that any statements made to plaintiffs are insufficient to satisfy the control element of special duty. However, assuming *arguendo* that the Village owed plaintiffs a duty, it would be protected from liability pursuant to section 2—106 of the Tort Immunity Act (745 ILCS 10/2—106 (West 1992)), which absolves a local governmental entity from tort liability based on a misrepresentation of its employee.

Taking the well-pleaded facts of the amended complaint as true, we affirm the order dismissing with prejudice count XI of the amended complaint against the Village.

Affirmed.

McNAMÀRA, P.J., and ZWICK, J., concur.